UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PAUL ANDREW LABARBERA,

        Plaintiff,

v.                                             Case No. 8:23-cv-2700-SPF

USAA CASUALTY INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

Before the Court is Plaintiff's Unopposed Partial Motion for Summary Judgment (Doc. 62). Plaintiff seeks summary judgment on the issues of liability and Plaintiff's comparative negligence. For the reasons explained below, Plaintiff's Motion is GRANTED.

### I. BACKGROUND

This is an action arising out of a March 19, 2023 collision between a motor vehicle operated by Osniel Carmona Suarez and a vehicle in which Plaintiff was a passenger (Doc. 1-2 at ¶¶ 8–10). Specifically, Plaintiff alleges that Mr. Suarez was driving southbound on Old Lake Highway approaching Messick Road in Pasco County, Florida, when he failed to stop with the flow of traffic and rear-ended the vehicle in which Plaintiff was a passenger (*Id.*). At the time of the collision, Defendant USAA Casualty Insurance Company ("USAA") insured Plaintiff under an underinsured/uninsured motorist policy (Doc. 62-2 at ¶ 14). As a result of the collision, Plaintiff filed his Complaint, which asserted one count for negligence against Mr. Suarez and Rayden Rodriguez Morejon, who owned the vehicle Mr. Suarez was

operating, and one count for uninsured motorist coverage against USAA (Doc. 1-2).[1] USAA answered and asserted affirmative defenses, including that Plaintiff was comparatively at fault for failing to wear a seatbelt (Doc. 62-2 at ¶ 24) and that Plaintiff was the sole legal cause of the crash (*Id.* at ¶ 21). In discovery, Mr. Suarez admitted that he was the sole cause of the crash, and that Plaintiff did not contribute to the collision (Doc. 62-3 at ¶¶ 2–5). Plaintiff now seeks summary judgment on the issues of liability and Plaintiff's comparative negligence.

## II. ANALYSIS

Summary judgment is appropriate if all the pleadings, discovery, affidavits, and disclosure materials on file show there is no genuine disputed issue of material fact, and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a) and (c). The existence of some factual disputes between the litigants will not defeat an otherwise properly supported summary judgment motion; "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is material if it is a legal element of the claim that may affect the outcome under the substantive governing law. *Allen v. Tyson Foods, Inc.,* 121 F.3d 642, 646 (11th Cir. 1997). A dispute about a material fact is "genuine" if a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, the court must view the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and must resolve any reasonable doubts in the non-movant's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

---

[1] Plaintiff's claims against Osniel Carmona Suarez and Rayden Rodriguez Morejon settled at mediation (Doc. 38). As a result, they were terminated from the case (Doc. 44).

When a motion for summary judgment is unopposed, the district court must review the evidentiary materials to ensure the motion is supported. *See United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) ("The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by the evidentiary materials."); *see also Jones v. Unity Behavioral Health, LLC*, No. 20-14265, 2021 WL 5495578, at *5 (11th Cir. Nov. 23, 2021) ("Nevertheless, the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.") (citations and quotations omitted). For the reasons explained below, the undersigned finds that the evidentiary materials submitted in support of the Motion establish there is no genuine issue of material fact on the issues of liability and Plaintiff's comparative negligence.

### A. Liability

To prevail on a typical negligence claim, the plaintiff must establish (1) a duty requiring the defendant to conform to a certain standard of conduct; (2) the defendant's breach of that duty; (3) a causal connection between the defendant's breach and the plaintiff's injury; and (4) actual loss or damage resulting from the injury. *Clay Elec. Co-op., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003);[2] *Dyer v. United States*, No. 6:15-cv-1231-Orl-31KRS, 2017 WL 88955, at *2 (M.D. Fla. Jan. 10, 2017). Under Florida law, however, a presumption of negligence attaches to the rear driver in a rear-end collision. *Birge v. Charron*, 107 So. 3d 350, 353 (Fla. 2012); *see also Eppler v. Tarmac Am., Inc.*, 752 So. 2d 592, 594 (Fla. 2000) (explaining

---

[2] Because the car accident occurred in Florida, the Court applies Florida tort law. *See Colon v. United States*, No. 10-cv-14294, 2011 WL 5578979, *1 (S.D. Fla. Nov. 8, 2011).

3

the origins of the rear-end presumption). Unless this presumption is rebutted, the beneficiary of the presumption is entitled to judgment thereon as a matter of law. *Birge*, 107 So. 3d at 353; *Gangi v. United States*, No. 1:17-cv-62083-KMM, 2018 WL 6261509, at *1 (S.D. Fla. Aug. 31, 2018) ("A defendant therefore bears the burden to come forward with evidence that fairly and reasonably tends to show that the presumption of negligence is misplaced.").

Here, Plaintiff has established that Mr. Suarez was the rear driver in a rear-end collision and that Plaintiff was a passenger in the lead car of that collision (Doc. 1-7 at ¶ 10; Doc. 62-3 at ¶¶ 2–5). Accordingly, Plaintiff is entitled to a presumption of negligence. By consenting to the relief requested in Plaintiff's Motion, USAA has failed to present evidence to rebut this presumption. Accordingly, Plaintiff is entitled to summary judgment on the issue of Mr. Suarez's liability.

### B. Comparative Negligence

Plaintiff also moves for summary judgment on the issue of his comparative negligence. USAA's Second Affirmative Defense states:

> Defendant affirmatively alleges that the sole legal cause of the accident was the carelessness and negligence of the Plaintiff, PAUL ANDREW LABARBERA; that by reason of the aforesaid negligence the Plaintiff is barred from recovering for his damages or injuries, if any; alternatively, any recovery effected by Plaintiff against this Defendant must be reduced and diminished to the extent that the Plaintiff's negligence contributed to and/or caused the accident and injuries of which the Plaintiff complains.

(Doc. 62-2 at ¶ 21). Similarly, USAA's Fifth Affirmative Defense states:

> Defendant affirmatively alleges that at the time of the accident, the Plaintiff had available for his use an operational seatbelt which, had it been utilized, would have substantially reduced or prevented any bodily injuries to the Plaintiff and, therefore, the Plaintiff was negligent in failing to use this safety device and his damages should be reduced in proportion to this negligence.

(*Id.* at ¶ 24). Tort liability in Florida is premised on pure comparative negligence, which means that a "jury should apportion the negligence of the plaintiff and the negligence of the defendant; then, in reaching the amount due the plaintiff, the jury should give the plaintiff only such an amount proportioned with his negligence and the negligence of the defendant." *Garcy v. Dupee*, 731 F. Supp. 1582, 1583 (S.D. Fla. 1990) (quoting *Hoffman v. Jones*, 280 So. 2d 431, 438 (Fla. 1973) (holding that pure comparative negligence rather than contributory negligence is the method of determining and apportioning fault in Florida)); *see also* Fla. Stat. § 768.81. To establish the defense of comparative negligence, a defendant must prove that (1) plaintiff owed himself a duty of care; (2) that plaintiff breached that duty; and (3) that the breach was the proximate cause of the damages he sustained. *See Borenstein v. Raskin*, 401 So. 2d 884, 886 (Fla. 3d DCA 1981).

"While comparative negligence is typically a question of fact for the jury, there is nothing in the record before this Court to suggest that Plaintiff contributed to the accident by, for example, speeding, failing to follow traffic rules, or failing to avoid the accident." *Boyd v. United States*, No. 4:18cv454-MW/CAS, 2019 WL 11541258, at *1 (N.D. Fla. Nov. 5, 2019) (granting summary judgment on issue of comparative negligence). Here, there is no evidence in the record that Plaintiff contributed to the crash or failed to wear his seatbelt. Indeed, at the outset of this case, Mr. Suarez admitted that his actions were the sole cause of the accident and that Plaintiff did not commit any negligent act that caused or contributed to the accident (Doc. 62-3 at ¶¶ 2–5). Accordingly, Plaintiff is entitled to summary judgment on the issue of his comparative negligence. *See Cuozzo v. Ronan & Kunzl, Inc.*, 453 So. 2d 902, 903 (Fla. 4th DCA 1984) ("Where no evidence exists tending to prove comparative negligence, the issue should not be submitted to the jury.") (citations omitted).

## III.  CONCLUSION

Accordingly, it is hereby ORDERED that:

(1) Plaintiff's Unopposed Partial Motion for Summary Judgment (Doc. 62) is GRANTED.

ORDERED in Tampa, Florida on April 1, 2025.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE